**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **JOHNATHAN EDWARD NICHOLLS,** | ) | |
| | ) | **Civil Action No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FLOYD COUNTY, GEORGIA,** | ) | |
| **CITY OF ROME, GEORGIA,** | ) | |
| **Lt. CHRISTOPHER HOVERS, and** | ) | |
| **OTHER YET TO BE IDENTIFIED** | ) | |
| **JOHN DOE LAW ENFORCEMENT** | ) | |
| **OFFICERS,** | ) | |

---

## COMPLAINT FOR DAMAGES

COMES NOW Johnathan Edward Nicholl (hereinafter referenced as "Plaintiff"), by and through his undersigned counsel, and herein propounds his complaint for damages against Floyd County, Georgia (hereinafter referenced as "Floyd County"), The City of Rome, Georgia (hereinafter referenced as "The City of Rome"), Lt. Christopher Hovers with the Floyd County Police Department (hereinafter referenced as "Hovers") (collectively referenced as "Defendants") and various other officers which the evidence obtained in the discovery phase may implicate in actions which violated Plaintiff's rights.  Specifically, Plaintiff alleges herein during a "no knock" raid on his home, he was subjected to cruel treatment and excessive force. Plaintiff shows as follows:

### Parties, Jurisdiction and Venue

1.

Plaintiff is a natural person and is subject to the service of notices, papers and things upon his undersigned counsel, to wit: W. Jeremy Salter, PO Box 609, Rome, GA 30162.

1

2.

Floyd County is a local government entity within the State of Georgia vested with limited powers and authority as provided by state law which includes oversight into its law enforcement agencies.  Floyd County is subject to service of process, notices, papers and things upon its chief executive officer, to wit: Allison Watters, Chair of the Floyd County Board of Commissioners, 12 East 4th Ave, Rome, GA 30161.

3.

The City of Rome is a local government entity within Floyd County, State of Georgia, and is vested with limited powers and authority as provided by state law which includes oversight into its law enforcement agencies.  The City of Rome is subject to service of process, notices, papers and things upon its chief executive officer, to wit: Mayor Sundai Stevenson, 601 Broad Street, Rome, GA 30161.

4.

Lt. Christopher Hovers is a commanding officer employed by Floyd County and is a member of the Floyd County Police Department.  Hovers is subject to service of process, notices, papers and things personally at his place of employment, to wit: Lt. Christopher Hovers, Floyd County Police Department, 12 East 4th Ave, Rome, GA 30161.

5.

Based upon information and belief, on April 12, 2022, approximately thirteen officers (including Hovers), serving on the "Rome-Floyd County Drug Task Force" and "the Rome-Floyd County SWAT team" which is comprised of law enforcement agents from various law enforcement agencies including but not limited to The City of Rome Police Department, the Floyd County Police Department and the Floyd County Sheriff's Department which had direct

contact with Plaintiff.  Below, Plaintiff will make a series of allegations which have been previously denied by all participants and their leadership (which include Defendants Floyd County and The City of Rome).  Because of these denials and an on-going criminal investigation where the facts of this complaint are the central subject, Plaintiff's ability to probe which officer specifically acted is somewhat compromised.  To the extent Plaintiff identifies additional tortfeasors, those persons will be subject to the service of process, notices, papers and things at their individual places of employment.

6.

The events concerned in this matter occurred at Plaintiff's residence located at 102 Lamar Street in Rome, Georgia.  Said address is within the jurisdictional boundaries of the Northern District of Georgia and the Rome Division.  Therefore, this Court has appropriate personal jurisdiction of this dispute.

7.

In addition to some state claims, this suit alleges violations of Federal law and Federal rights posing federal questions.  Therefore, this Court has appropriate subject matter jurisdiction.

8.

Since all parties exist and/or reside in this Federal Court's Division, the Rome Division of the United States Court for Northern District of Georgia is the appropriate venue to resolve this dispute.

**Statement of Fact**

9.

On April 12, 2022, members of the Rome-Floyd County Drug Task Force and the Rome-Floyd County SWAT (hereinafter after referenced as "The Task Force") team attempted to serve a "no knock" warrant at Plaintiff's residence located as 102 Lamar Street, Rome, Georgia 30165.

10.

Without justification, The Task Force invaded Plaintiff's home with military style equipment and weapons drawn.

11.

Members of the Task Force which are either directly referenced as Defendant or the Defendants had supervisory authority over the Task Force.

12.

While members of the Task Force where positioning themselves for an assault, Plaintiff saw them and retreated to the back of the home.

13.

Task Force members mobilized.

14.

While some members futility knocked on the front door, other members entered Plaintiff's property to surround and confront Plaintiff in the rear of his property.

15.

The Task Force broke through Plaintiff's fence in their efforts to surround and confront Plaintiff and effectively destroyed personal property.

4

16.

Pursuant to his rights as a homeowner and a citizen protected by the First Amendment of the United States Constitution, Plaintiff's home is video monitored.

17.

The Task Force, upon their arrival to various cameras, grabbed Plaintiff's cameras to shield their appearance from any intended recordation.  These actions damaged the physical structure of cameras and compromised their ability collect potentially exculpatory evidence further violating Plaintiff's rights to such evidence.

18.

While acknowledging some Task Force members acted professionally, during the execution of the search warrant and arrest, Plaintiff alleges he was consistently maltreated by most of the Task Force officers.

19.

Much of this maltreatment led Plaintiff to suffer serious medical conditions such as "blacking out," experiencing significant anxiety and experiencing painful conditions (e.g., having hand cuffs placed on him to a point where the cuffs caused unnecessary pain and being placed in a hot car for an extended period of time).

20.

Of particular concern, guised as "sternum rub," during one incident of Plaintiff being rendered unconscious, two officers including Hovers, struck Plaintiff in the chest to "awaken" him.

21.

Believed to be after the time of the physical assault, the same officer (Hovers), who is known as one of three canine officers for the Floyd County Police Department, told the Plaintiff "Man, I was hoping you would run, that's what I was hoping" implying a desire to deploy his dog (K9 Officer Lex, a Belgian Malinois who is trained to apprehend individuals) upon Plaintiff.

22.

Plaintiff has documented his physical injuries which are severe.

23.

Defendants subjected Plaintiff to a military-style invasion of his home which damaged his personal property, with guns drawn and commands being yelled.

24.

While Defendants have denied liability, all Defendants have brushed aside clear evidence of the Task Force's motives concerning their force use.

25.

During the invasion of the home, a home which contained a significant amount of African American political nostalgia emphasizing the African American struggle for civil rights collected since the late 1950s, one piece was removed and destroyed.

26.

Specifically, an irreplaceable Barack Obama political rally doll was removed from its curio cabinet and the head was torn from the body.

27.

Despite Defendants' pretextual denials, it is clear the head and body were cleanly torn apart.

28.

Plaintiff alleges his maltreatment and the violations of his civil rights were racially motivated.

**<u>Nature of the Case</u>**

29.

Plaintiff's action for damages is brought pursuant to 42 U.S.C. § 1983 and § 1988 for violations of Plaintiff's Federal rights as guaranteed by the United States Constitution.

30.

Plaintiff seeks damages for the physical injuries he sustained as well as damages for the loss of property he sustained as a direct result of Defendants' use of excessive force against him on April 12, 2022.

31.

On said date, Defendants executed or authorized an unjustified military-style raid at Plaintiff's home which resulted in Plaintiff being harassed for his political and racial identification, Plaintiff being physically harmed and Plaintiff's personal property being damaged.

32.

Despite no evidence Plaintiff was a danger to the Task Force members, Task Force members, including Hovers, destroyed Plaintiff's personal belongings, physically assaulted Plaintiff while he was restrained and threatened Plaintiff with the desire to have an animal attack him.

33.

The Task Force members, including Hovers, were all acting on the behalf and behest of Floyd County and The City of Rome.

## Causes of Action

**COUNT I:**   **Hovers and other Task Force Team members used excessive force in violation of 42 U.S.C. § 1983 and Georgia Law.**

34.

Plaintiff incorporates all of the allegations made within paragraphs 1-28 above as if the same were set forth herein after in total.

35.

Hovers' use of physical force against Plaintiff was objectively unreasonable and grossly disproportionate to any legitimate law enforcement need such that every reasonable officer would have known such force would violate Plaintiff's clearly established Fourth Amendment rights, including but not limited to:

a)   Hovers assaulting Plaintiff to a point he demonstrated physical signs and injuries of an assault;

b)   Hovers, as the owner of a police canine trained to apprehend individuals, espousing his desire to deploy his canine on Plaintiff would (i) place Plaintiff in unreasonable fear of his safety and (ii) if allowed would have resulted in Plaintiff being mauled by an animal.

36.

The other officers' use of physical force against Plaintiff was objectively unreasonable and grossly disproportionate to any legitimate law enforcement need such that every reasonable officer would have known such force would violate Plaintiff's clearly established Fourth Amendment rights, including but not limited to:

a)   Placing Plaintiff in a hot car without concern;

b)  Locking the hand restraints to a point where Plaintiff felt physical pain as a result of the application;

c)  Treating Plaintiff in a way which unreasonably caused Plaintiff to pass into a state of unconsciousness;

d)  Destroying Plaintiff's personal property which included a very sentimental and irreplaceable relic honoring Plaintiff's family struggle in the American Civil Rights Movement of the 19th and 20th centuries and Plaintiff's cultural identity.

37.

The Task Force Defendants' use of physical force against Plaintiff was objectively unreasonable and grossly disproportionate to any legitimate law enforcement need such that every reasonable officer would have known such force would violate Plaintiff's clearly established Sixth Amendment rights, including but not limited to:

a)  Disabling the cameras at the home which could have provided exculpatory evidence and/or evidence which may have been used in evidentiary suppression issues.

38.

Every reasonable officer would have known that the force used by Defendants was objectively unreasonable and grossly disproportionate and such force would violate Plaintiff's clearly established Constitutional rights.

39.

Defendants are not entitled to qualified immunity for their use of excessive force in violation of clearly established law.

40.

Defendants acted with actual malice and an intent to injure, and are thus not entitled to official immunity under state law.

41.

Plaintiff suffered damages as a direct and proximate result of Defendants' unlawful conduct in violation of Federal and state law for which they are liable.

**Count II:     County and Municipal Liability for Failing to Properly Supervise the Task Force Defendants.**

42.

Plaintiff incorporates all of the allegations made within paragraphs 1-28 above as if the same were set forth herein after in total.

43.

Floyd County and The City of Rome have not sufficiently supervised the activities of their agents.

44.

In fact, in response to Plaintiff's concerns, County and Municipal agents have whitewashed the Task Forces' action in this matter essentially ratifying and/or minimizing the tortious conduct of its agents.

45.

Floyd County and The City of Rome have willfully turned a blind eye to the unconstitutional behavior of their agents.

46.

Floyd County and The City of Rome, vis-à-vis their nonaction, have failed to execute important duties and have themselves violated Plaintiff's civil rights.

**Count III:    Attorney's Fees.**

47.

Plaintiff incorporates all of the allegations made within paragraphs 1-28 above as if the same were set forth herein after in total.

48.

Because of Defendants' violations of Plaintiff's federal civil rights, Plaintiff is entitled to an award of costs, including but not limited to reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

49.

Defendants acted intentionally and in bad faith, and have caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to an award of attorney's fees under O.C.G.A. § 13-6-11.

## <u>Demand for Jury Trial</u>

Plaintiff demands all factual issues be determine by a jury.

## <u>Conclusion</u>

Plaintiff has set forth a well-pled complaint alleging the Defendants of willfully violating his constitutional rights through unreasonable excessive force and/or the ratification of such conduct.  WHEREFORE, Plaintiff prays this Court Order the parties to a jury trial on all factual issues and after the entry of a verdict in Plaintiff's favor Award a judgment against the Defendants jointly and severally for the following:

a)  Proven actual damages;

b) Proven likely future damages;

c) Reasonable Attorney's fees;

d) All costs of litigation including court costs and fees; and

e) Any other remedy this Court finds equitable and just.


Respectfully Submitted this 13th day of June, 2023.

Salter Law Group, LLC
Attorney for Plaintiff


___*/s/ W. Jeremy Salter*_____
W. Jeremy Salter
Ga. Bar No.: 303979

PO Box 609
Rome, GA 30162
Tel:    706-295-1300
Fax:    706-295-0238
jeremy@jsalterlaw.com

12